UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| CHARLES CHRISTOPHER GREENWELL ) | |
| BELINDA MAE GREENWELL, ) | |
| ) | |
| Debtors ) | Case No. 22-30535 |
| ) | |

**MEMORANDUM OPINION**

  This matter is before the Court on the motion of Willie Downs, a party-in-interest in this bankruptcy, seeking relief from an agreed order ("Agreed Order") entered into by the Debtors and creditor Farm Credit Mid America, PCA ("Farm Credit") and signed by this Court. [R. 29]. The Agreed Order permitted Debtors and Farm Credit to split $87,573.85 in cattle sale proceeds that were being held in escrow by order of the Nelson Circuit Court. On September 20, 2022, Downs filed a Motion for Relief from Agreed Order ("Motion to Vacate"), [R. 44], explaining that he is also entitled to some portion of the cattle proceeds, and that, prior to its entry by the Court, the Agreed Order was never mailed to or otherwise served upon him personally. Instead, notice was mailed to his state court attorney, who neglected to inform Downs of the Agreed Order, so Downs had insufficient opportunity to object. Downs now asks this Court to vacate and set aside the Agreed Order entered on July 25, 2022, and permit him to file an adversary proceeding or otherwise pursue his claim as to his rights in the cattle sale proceeds.

  For the reasons detailed herein below, this Court agrees that Downs failed to receive adequate notice of the Agreed Order via personal service, and hereby orders that the Agreed Order be VACATED.

1

I.    **FACTS AND PROCEDURAL HISTORY**

Prior to the bankruptcy, the Debtors and Downs had a profit-sharing agreement regarding the sale of cattle owned by Downs. Per their agreement, Debtors would feed and allow Downs' cattle to graze on their property, and in turn, Debtors and Downs would equally split the cattle sale proceeds. However, the business relationship between these parties eventually soured, and the Debtors alleged that Downs breached their agreement by failing to remit half the cattle sale proceeds from a sale. [R. 62 at ¶ 4].

In March of 2020, Farm Credit[1] initiated an action for breach of various secured loan agreements against Debtors in Nelson Circuit Court (the "State Court Action").[2] The State Court Action remains pending but is currently stayed by the instant bankruptcy case. On August 11, 2020, Downs intervened in the State Court Action, alleging that Debtors are in possession of cattle he owns. On or about May 4, 2021, the Nelson Circuit Court ordered Debtors to sell the cattle that Downs believed he owned and to remit the sale proceeds to Debtors' state court counsel, Jason Floyd, pending resolution of the dispute. The cattle were sold, and Floyd received a check for $87,573.85, representing the proceeds from the sale, which he placed into an escrow account ("Escrow Funds").

On March 23, 2022, Debtors filed their chapter 12 petition. Downs was listed in the Court's creditors' matrix as follows:

> Willie Downs
> c/o Terry L. Geoghegan
> Geoghegan & Associates
> 116 E Stephen Foster Ave.
> Bardstown KY 40004-1512

---

[1] The state court action was initiated by Farm Credit Mid-America, FLCA and Farm Credit Mid-America, PCA.

[2] The Nelson Circuit Court case is captioned *Farm Credit Mid-America, FLCA, et al. v. Charles Christopher Greenwell, et al.*, Case No. 20-CI-00160 (Nelson Cir. Court Mar. 12, 2020).

2

Therefore, all bankruptcy-related notices were mailed to Downs' state court attorney Terry Geoghegan, who represented Downs in the State Court Action, rather than to Downs personally. The deadline for all creditors (except governmental units) to file proofs of claims was June 1, 2022. [R. 4]. Downs did not file a proof of claim by the bar date, and to date, has not sought leave to file a late-filed claim.[3] On April 25, 2022, the Debtors filed a Suggestion of Bankruptcy in the State Court Action, advising all parties that they had filed a Chapter 12 bankruptcy.

On June 14, 2022, Debtors filed a Motion to Release Debtors' Funds Held in Escrow Pursuant to Nelson Circuit Court Order ("Motion to Release Funds"), [R. 17], requesting that this Court order Debtors' state court counsel Jason Floyd to remit the Escrow Funds to the Chapter 12 Trustee. The Motion to Release Funds stated that "[d]espite receiving notice of the bankruptcy in the Nelson Circuit Court case and being identified as an unsecured creditor in this case, Willie Downs has not filed a proof of claim," and that "[b]y not filing a proof of claim in this Bankruptcy case, Mr. Downs has waived any claim he may have against the Debtors' [sic] and thus, any claim he may have against the funds held in escrow." [R. 17 at ¶¶ 8–9].

Any objections to Debtors' Motion to Release Funds were due on or before July 6, 2022. [R. 18]. Farm Credit was the only party to respond, with a limited objection claiming a fully perfected security interest in the Escrow Funds and requesting disbursement directly to Farm Credit rather than to the Chapter 12 Trustee. [R. 24]. The Court scheduled a hearing regarding the turnover of the Escrow Funds for July 26, 2022. [R. 25].

However, that hearing never took place. On July 22, 2022, Debtors and Farm Credit filed an Agreed Motion to Disburse Funds Held in Escrow ("Agreed Motion"), [R. 28], agreeing to split the Escrow Funds in half, with 50% to be paid to Farm Credit and 50% to be paid to the Chapter

---

[3] Despite not having filed a proof of claim in this case, Willie Downs is identified as an unsecured creditor in Schedule E/F with a disputed claim for an unknown amount. [R. 1 at 43].

3

12 Trustee.[4]  Having heard no objection to the Debtors' original Motion to Release Funds, and thus believing Debtors and Farm Credit were the only two entities with an interest in the Escrow Funds, the Court granted the parties' Agreed Motion via the Agreed Order on July 25, 2022, [R. 29], and remanded the July 26 hearing.

As stated above, due to the way Downs was listed in the creditors' matrix – "Willie Downs c/o Terry L. Geoghegan," and the inclusion of only Geoghegan's mailing address – notice of the filing of the bankruptcy petition, all bankruptcy-related deadlines, all motions filed, and all notices for objection in this case were mailed to Downs' state court counsel, Terry Geoghegan.  Downs never received personal service of any of the underlying motions or orders.  In his Motion to Vacate, Downs explains that "[t]o the best of Downs' knowledge, the Agreed Motion and the Agreed Order were never mailed to or otherwise served upon Downs, and were not discovered until September 14, 2022, after Downs' counsel in the Nelson Circuit Action, Terry Geoghegan, independently investigated the matter."  [R. 44 at 2].

Attached to Downs' Motion to Vacate is an affidavit from Geoghegan ("Affidavit"), [R. 44-2], in which he attests that (a) upon receiving notice of the Debtors' bankruptcy filing in the mail, Geoghegan contacted a local bankruptcy attorney, and was under the impression that the bankruptcy attorney had "accepted this case and was protecting his client's interests;" (b) the local bankruptcy attorney subsequently indicated to Geoghegan in September of 2022 that, contrary to Geoghegan's understanding, the attorney did not consider himself officially retained and was not accepting the case due to personal matters[5]; and (c) the circumstances surrounding the attorneys'

---

[4] The Agreed Motion also resolved Farm Credit's limited objection to the release of the Escrow Funds.

[5] In addition to the Motion to Vacate and Affidavit, Downs filed a series of emails evidencing that Geoghegan contacted local bankruptcy attorney in May of 2022, informing that attorney of the bankruptcy, the Escrow Funds, and a motion to sell estate property that was filed in the bankruptcy. [R. 46-1 at 6–7]. The bankruptcy attorney responded in June of 2022 that he would contact the bankruptcy trustee, seemingly conveying his acceptance of the case. [*Id.* at 11–12]. Then in August 2022, Geoghegan again contacted the bankruptcy attorney, informing him that a Chapter 12 Plan had been filed and inquiring about the need to file an objection. However, on September 14, 2022,

4

failure to inform Downs of the bankruptcy filing and subsequent motions constitutes excusable neglect on their part. Accordingly, Downs' Motion to Vacate asserts that the Agreed Order is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure, or alternatively, should be set aside on the ground of mistake and excusable neglect in accordance with Rule 60(b)(1), as made applicable by Bankruptcy Rule 9024.[6]

On October 11, 2022, Farm Credit filed a Response to Downs' Motion to Vacate ("Farm Credit's Objection"), arguing that because Downs purports to have a claim against the Debtors or the property of the estate, "it was incumbent upon him to properly file a Proof of Claim in this proceeding, on or before the deadline for doing so, in compliance with Fed. R. Bankr. P. 3002(c)" but Downs failed to do so. [R. 61 at 3]. Farm Credit also argues that, as to the sufficiency of notice and of due process, the Sixth Circuit articulated in *Lampe v. Kash* that due process entitles a debtor to service of notice "reasonably calculated" to reach them; according to *Kash*, "notice mailed to the owner generally will suffice," and moreover, "if the owner is represented by counsel in that dispute, notice to the attorney generally will suffice." [*Id.* at 4], citing *Lampe v. Kash*, 735 F.3d 942, 943 (6th Cir. 2013). Thus, where Downs' state court attorney Geoghegan was mailed notice of the bankruptcy, Farm Credit argues such notice was sufficient to apprise Downs of the bankruptcy and any subsequent filings.

Debtors also filed an objection to Downs' Motion for Relief ("Debtors' Objection"), likewise arguing that both the Motion to Release Funds and the Agreed Order were procedurally sound and properly noticed, that the Escrow Funds are property of the Debtors' estate, and that Downs is not entitled to relief under Rule 60(b). [R. 62].

---

the bankruptcy attorney responded that, due to a family medical emergency and other scheduling conflicts, he was unable to proceed any further in the case, and advised Geoghegan to reach out to a different bankruptcy attorney. [*Id.* at 20].

[6] Unless otherwise indicated, all rule references are to the Federal Rules of Bankruptcy Procedure.

5

Downs filed an Omnibus Reply to Farm Credit and Debtors' respective objections ("Omnibus Reply"), reiterating his arguments that, given the facts and circumstances, the Court should use Rule 60(b) to set aside the Agreed Order and "allow the parties' dispute over their respective interests in the Escrow Funds to be adjudicated on the merits in an adversary proceeding." [R. 66 at 9]. Debtors filed a Sur-Reply ("Sur-Reply"), stressing that the Motion to Release Funds was correctly filed via motion practice under Bankruptcy Rule 9014(a) rather than as an adversary proceeding under Bankruptcy Rule 7001, and that notice was proper and reasonable. [R. 67]. Following the filing of Debtors' Sur-Reply on October 25, 2022, the matter was submitted to the Court for a ruling.

II.     **STANDARD OF REVIEW**

Rule 9024 of the Federal Rules of Bankruptcy Procedure applies Rule 60 of the Federal Rules of Civil Procedure to motions seeking relief from a judgment order. Rule 60 states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Regarding the separate standards and requirements for a contested matter versus an adversary proceeding, courts in the Sixth Circuit have made the distinction clear: "What distinguishes an adversary proceeding from a contested matter is that an adversary proceeding

6

must be commenced by the filing and service of a complaint which meets specific notice and formatting requirements and which must be accompanied by a summons directed to the named defendant." *In re Fuller*, 255 B.R. 300, 301 (Bankr. W.D. Mich. 2000); *see also Tully Constr. Co. v. Cannonsburg Envtl. Assocs.* (*In re Cannonsburg Envtl. Assocs.*), 72 F.3d 1260, 1264 (6th Cir. 1996) ("Tully argues that the bankruptcy court erred by granting the declaratory order because the Trustee should have filed an adversary proceeding under Fed. R. Bankr. P. 7001 rather than a motion under Fed. R. Bankr. P. 9014 since the Trustee sought to recover money and declaratory relief. (citation omitted) The structure of the Federal Rules of Bankruptcy Procedure clearly mandates an adversary proceeding in this case, where the Trustee requested, at a minimum, a declaratory order that it could enforce the Loan Commitment."). This is because, in adversary proceedings, "[t]he relief sought in any of the matters described in Fed. R. Bankr. P. 7001(1)–(10) is of sufficient consequence to the affected party that the party deserves something more than a copy of a generic motion which may have been mailed to countless other creditors and which may include numerous other requests for relief totally unrelated to the specific relief sought against that party." *Fuller*, 255 B.R. at 301.

### III. LEGAL ANALYSIS

Downs now seeks relief from the Agreed Order under Rule 60(b) of the Federal Rules of Civil Procedure on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect, (4) the order is void, and (6) any other reason justifying relief from the operation of the order. [R. 44 at 3]. Downs' central argument under Rule 60(b)(4) raises question of due process, including whether notice was proper. Downs also argues that even if notice was proper, the personal circumstances surrounding notice constitute excusable neglect under Rule 60(b)(1). The Court will address due process concerns first.

### A. Due Process Considerations under Rule 60(b)(4)

A judgment is void under Rule 60(b)(4) where there is a violation of due process that deprives a party of notice or the opportunity to be heard. *United Student Aid Funds, Inc. v Espinosa*, 559 U.S. 260, 271 (2010); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Depending on the Rule, notice may have different requirements for service of process.

For example, there are actions that commonly occur in bankruptcy cases that may affect all creditors generally, but none specifically. *In re Ass'n of Volleyball Prof'ls*, 256 B.R. 313, 319 (Bankr. C.D. Cal. 2000). "Such matters include notice of filing of a bankruptcy case, notice of bar dates to file proofs of claim, notice of hearings on approval of disclosure statements, notice of proposed use, sale or lease of property, notice of approval of compromises or settlements, and notice of deadlines for filing objections to chapter 11, 12 and 13 plans. These matters require notice to creditors, which is generally governed by Rule 2002." *Id.* at 319–20. Notices under Rule 2002 are mailed to creditors at the address designated by the creditor in a request filed with the court or, if no request has been filed, to the address shown on the list of creditors or the schedules, whichever is filed later. *Id.* at 320; *see* Rule 2002. In contrast, when a bankruptcy proceeding directly affects the individual rights of a specific party, the initiating motion or objection must be served on the affected party in the same manner as a summons and complaint are served pursuant to Rule 7004, and notice under Rule 2002 is no longer sufficient as service of process. *Volleyball Prof'ls* at 320 (citing *In re Boykin*, 246 B.R. 825, 829 (Bankr. E.D. Va. 2000)).

Debtors and Farm Credit assert that Downs has no property interest in the Escrow Funds because Farm Credit is the only creditor with a lien against debtor's cattle. However, prior to this bankruptcy, Downs' claim to ownership of some of the cows in the debtors' possession lead the Nelson Circuit Court to order a sale of those cows and an escrow of the proceeds. As such, Downs asserts an *ownership* interest in property that the Debtors claim is part of their estate. Debtors and Farm Credit are, in effect, asking this Court to extinguish Downs' property ownership interest

8

based on minimal notice, which does not meet the standard of the Federal Rules of Bankruptcy Procedure, much less the requirements of the United States Constitution. Without an adjudication relating to the ownership of the Escrow Funds, this Court cannot extinguish Downs' property interest in the Escrow Funds.

The parties differ on which Rule applies: Debtors argue that the Motion to Release Funds was correctly filed as a contested matter under Bankruptcy Rule 9014, whereas Downs argues that the matter should have been brought as an adversary proceeding under Rule 7001. However, *both* Rules require service of process under Rule 7004. *Compare* Rule 9014(b) ("The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004) *with* Rule 7001 ("An adversary proceeding is governed by the rules of this Part VII", which includes the service requirements under Rule 7004).

Rule 7004 requires service of a summons and complaint by personal service under Federal Rules of Civil Procedure Rule 4(e)–(j)[7] or "upon an individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession;" "mailed to the entity upon whom service is prescribed to be served by any statute of the United States or by the law of the state in which service is made when an action is brought against such a defendant

---

[7] For serving an individual, Rule 4(e) under the Federal Rules of Civil Procedure provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Proc. 4(e). Rules (f)–(j) involve serving an individual in a foreign country; serving a minor or incompetent person; serving a corporation, partnership, or association; and serving the United States and its agencies, corporations, officers, or employees, respectively.

9

in the court of general jurisdiction of that state;" or "mailed to an agent of such defendant authorized by appointment or by law to receive service of process." *See* Rule 7004(a), (b)(1), (b)(7), (b)(8).

Therefore, regardless of which rule applies, Rule 7004 governs the notice and service requirements.[8] Here, neither the Motion to Release Funds nor the Agreed Order were served upon Downs, but rather, were sent to Terry Geoghegan, Downs' counsel in the State Court Action. Because service under Rule 7004(b)(8) can be effectuated if "mailed to an agent of such defendant authorized by appointment or by law to receive service of process," this Court must determine whether Geoghegan was an agent authorized by Downs to receive notice of bankruptcy-related filings.

Attorneys may be authorized to accept service of process under Rule 7004 on either an express or implied basis. *Countrywide Home Loans, Inc. v. Terlecky* (*In re Fusco*), No. 08-8028, 2008 WL 4298584, at *5 (B.A.P. 6th Cir. Sept. 19, 2008) (citing *In re Villar*, 317 B.R. 88, 93 (B.A.P. 9th Cir. 2004). Here, Downs did not expressly authorize Geoghegan to accept service on his behalf. Geoghegan is not listed on a proof of claim filed by Downs nor is there a Notice of Appearance by Geoghegan on behalf of Downs in the instant bankruptcy case. Since nothing in the record indicates that Downs expressly designated Geoghegan as its agent for service of process, this Court must determine whether Downs impliedly authorized Geoghegan to accept process on his behalf.

"To find implied agency, courts look at all the circumstances under which the [party] appointed the attorney to measure the extent of the authority that the client intended to confer." *In*

---

[8] Both parties cite *Lampe v. Kash*, 735 F.3d 942 (6th Cir. 2013), for the rule governing notice. However, in *Lampe v. Kash*, the issue revolved around notice of the bankruptcy case itself, not the heightened requirement of service of process required by Rule 7004. This Court must thus look to other precedent to determine proper due process under Rule 7004.

*re Fusco*, 2008 WL 4298584, at *5 (citing *Ms. Interpret v. Rawe Druck–und–Veredlungs–GmbH* (*In re Ms. Interpret*)*,* 222 B.R. 409, 416 (Bankr. S.D.N.Y. 1998)); *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997); *Harris v. Smith*, No. 21-11557, 2022 U.S. Dist. LEXIS 132546, at *5–7 (E.D. Mich. July 26, 2022) (noting the need for the proponent of implied agency service to plead specific facts demonstrating that the defendant's attorney had authority to receive service of process for his client). "If the purported agent's activities in the forum are substantial and involve the significant exercise of independent judgment and discretion, service on the agent is valid even in the absence of express authorization to accept service of process." *In re State Line Hotel, Inc.*, 323 B.R. 703, 711 (9th Cir. 2005) (citing *Ms. Interpret*, 222 B.R. at 416); *see In re Focus Media, Inc.*, 387 F.3d 1077, 1079 (9th Cir. 2004) ("a lawyer can be deemed to be the client's implied agent to receive service of process [under Rule 7004(b)(8)] when the lawyer repeatedly represented that client in the underlying bankruptcy case, and where the totality of the circumstances demonstrates the intent of the client to convey such authority."). "Active participation, not mere participation, [is] the common element in each case where a court found that an attorney was impliedly authorized to receive service of process on behalf of a party." *In re Ochoa*, 399 B.R. 563, 568 (Bankr. S.D. Fla. 2009) (collecting cases). In contrast, courts have held that a notice of appearance, without more, is insufficient to find that service of process on an attorney is proper as an implied agent. *Id.* (collecting cases).

For example, in *In re Fusco*, the Court of Appeals for the Sixth Circuit determined that the creditor's attorney was impliedly an authorized agent to receive process. *In re Fusco*, 2008 WL 4298584, at *6. In that case, counsel for the creditor did not file a formal notice of appearance when served with a sale motion, but did file two motions for relief from stay regarding the property at issue and also appeared at a hearing on a second motion at which the sale motion was explicitly discussed. *Id.*

11

Here, not only is there no notice of appearance by Geoghegan in the bankruptcy case, there is also no active participation by Geoghegan. Geoghegan's current representation of Downs in the State Court Action is insufficient for implied authorization—there must be active participation in the underlying bankruptcy case itself. Because the service requirement was not met under Rule 7004, Downs was denied due process and the Agreed Order is void.[9]

### B. Other Considerations

Debtors and Farm Credit further argue that Downs waived his claim to the Escrow Funds because he missed the bar date to file a proof of claim. Notice under Rule 2002 is required for a creditor to receive proper notice to file a proof of claim. *See* Rule 2002. The Court need not consider whether Downs received proper notice to file a proof of claim, because the underlying Motion to Release Funds and Agreed Order each required heightened service of process for notice under Rule 7004. Downs is claiming an interest in the Escrow Funds, not asserting a claim against debtors *in personam*. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*"). Thus, whether Downs filed a proof of claim is irrelevant to the matter at hand.

Further, since the judgment is void under Rule 60(b)(4), this Court need not consider excusable neglect under Rule 60(b)(1) nor its attendant factors or considerations.[10] Nevertheless, this Court also finds that, based on the evidence presented, the state court attorney's failure to apprise Downs of the bankruptcy and the Agreed Order constituted "excusable neglect" under Rule 60(b)(4). Courts in the Sixth Circuit have elaborated that "[d]ue process is met if notice is

---

[9] This Court's holding that Downs was denied sufficient due process is limited to the (now vacated) Agreed Order, to which Downs was entitled to heightened notice since his property rights were directly affected.
[10] Where circumstances of a case fall within any of the five preceding grounds for relief under Rule 60(b)(1) through (b)(5), courts should not apply Rule 60(b)(6). *See McCurrey ex rel. Turner v. Adventist Health*, 298 F.3d 586, 593 (6th Cir. 2002).

12

reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response. … What constitutes reasonable notice *varies according to the knowledge of the parties*." *In re Talon Auto. Grp.*, 284 B.R. 622, 623 (Bankr. E.D. Mich. 2002) (emphasis added).

As discussed in footnote 5 (*supra* at 5), Downs' state court attorney Geoghegan made expedient efforts to obtain bankruptcy counsel for Downs once he learned of Debtors' bankruptcy: Debtors filed a Suggestion of Bankruptcy in the State Court Action on April 25, 2022, and Geoghegan attempted to acquire bankruptcy counsel for Downs as early as May 11, 2022. [R. 46-1 at 5]. On June 16, 2022, Geoghegan received a response from bankruptcy counsel indicating that that attorney intended to contact the Chapter 12 trustee overseeing the case. [*Id.* at 11]. Based on this response, Geoghegan believed that local bankruptcy counsel had agreed to represent Downs in the bankruptcy. When the Chapter 12 Plan was filed, Geoghegan sent another email to bankruptcy counsel on August 4, 2022, inquiring about the need to object to the Plan. [*Id.* at 16]. It was only on September 14, 2022, when Geoghegan learned that the other attorney would no longer be assisting Downs in the bankruptcy case. [*Id.* at 20]. By then, the Motion to Release Funds had already been noticed for objections, the subsequent Agreed Motion to split the Escrow Funds had been filed, and the Agreed Order had already been signed.

In this Court's view, Geoghegan acted reasonably and expeditiously to obtain bankruptcy counsel. Geoghegan emailed potential counsel within two weeks of learning of the bankruptcy, and was led to believe he had successfully secured that counsel, only to find nearly four months later that the other attorney was not taking the case due to personal matters. Because the reasonable notice standard is somewhat subjective, as it "varies according to the knowledge of the parties," *In re Talon Auto. Grp.*, 284 B.R. at 623, this Court finds Geoghegan's conduct to be reasonable

given his subjective knowledge at that time, and therefore, his ultimate inability to secure bankruptcy counsel for Downs constitutes excusable neglect under Fed. R. Civ. P. 60(b)(1).

For the reasons stated above, the Court **GRANTS** Downs' Motion for Relief.

Charles R. Merrill
United States Bankruptcy Judge

Dated: January 27, 2023